Jonathon A. Katcher
Alaska Bar No. 8111104
Pope & Katcher
421 W. 1st Ave., Suite 220
Anchorage, AK 99501
Telephone: (907) 272-8577
Email: jkatcher@alaska.net

Chester D. Gilmore
Alaska Bar No. 0405015
Cashion Gilmore LLC
421 W. 1st Ave., Suite 247
Anchorage, AK 99501
Telephone: (907) 222-7934
Email: chester@cashiongilmore.com

Attorneys for Plaintiffs
ARTHUR S. ROBINSON and ALLAN BEISWENGER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARTHUR S. ROBINSON and ALLAN BEISWENGER, <br><br> Plaintiffs, <br> vs. <br><br> FAEGRE BAKER DANIELS, LLP, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3:13-cv-00086-HRH |

**MOTION TO COMPEL ARBITRATION**

Plaintiffs Arthur S. Robinson ("Robinson") and Allan Beiswenger ("Beiswenger") move this Court for an order compelling arbitration and appointing arbitrators.

**BACKGROUND**

Plaintiffs Robinson and Beiswenger were partners in the now dissolved law firm Robinson Beiswenger & Ehrhardt ("RB&E"), with offices in Soldotna, Alaska. Defendant

**Motion to Compel Arbitration**                                                Page 1 of 10
*Robinson and Beiswenger vs. Faegre Baker Daniels*                Case No. *3:13-cv-00086-HRH*

Case 3:13-cv-00086-HRH   Document 21   Filed 12/18/13   Page 1 of 10

Faegre Baker Daniels, LLP ("FBD"), domesticated in Chicago, Illinois, is the successor law firm to Faegre & Benson, LLP ("F&B"), a law firm that had its principal office in Minneapolis, Minnesota.[1]

On June 23, 1992, RB&E and F&B entered into and executed a Fee Division Modification Agreement (the "agreement"), whereby the parties agreed to split all attorney's fees collected from the Exxon Valdez case.[2] FBD has rejected Robinson's and Beiswenger's demands for their agreed upon shares of the Exxon fees.[3] Plaintiffs filed this diversity action for the Court to order arbitration of their claims.

The agreement included an "<u>Association</u>" provision, which stated, in pertinent part, "[t]he relationship between F&B and RB&E, and the division of fees herein are governed by Alaska Bar Rule 35(e), concerning fee division between attorneys and Alaska Rule of Civil Procedure 81, and the ethics opinions adopted thereunder."[4]

The agreement included the following "<u>RELATED AGREEMENTS</u>":

1) A "<u>Governing Law</u>" clause, which stated, "[t]his agreement shall be construed and interpreted in accordance with, and governed and enforced in all aspects by, the laws of the State of Alaska and the Alaska Bar Rules."[5]

2) An "<u>Arbitration</u>" clause, which stated, "[a]ny controversy or claim arising out of or relating to this Agreement, or breach thereof, shall be settled by arbitration in accordance with the rules of the Alaska Bar Association.[6]

---

[1] Answer, dkt 9 at ¶3.
[2] Complaint, dkt 1, Exhibit 1 (also attached hereto as Exhibit 1) (hereinafter "Exhibit 1").
[3] Answer, dkt. 9, at p.5 ¶25.
[4] Exhibit 1, p.1 ¶1.
[5] Exhibit 1, p.6 ¶2.
[6] Exhibit 1, p.6 ¶6.

**Motion to Compel Arbitration**  Page 2 of 10
*Robinson and Beiswenger vs. Faegre Baker Daniels*  Case No. *3:13-cv-00086-HRH*

Case 3:13-cv-00086-HRH   Document 21   Filed 12/18/13   Page 2 of 10

3) A "Severability" clause, which stated, "[i]f any clause, or provision herein contained shall be adjudged to be invalid, it shall not affect the validity of any other clause or provision of this agreement ... ."[7]; and,

4) A "Successors and Assigns" clause, which stated, "[t]his agreement shall extend to, inure to the benefit of, and be binding upon the respective successors and assigns of the parties hereto and the heirs, executors, estate, successors and assigns of each person who is now or who hereafter becomes a party hereto."[8]

## II. ARGUMENT

### A. Plaintiffs Have Standing to Enforce the Agreement.

The original parties to the agreement, RB&E and F&B, no longer exist. However, under the "Successors and Assigns" clause, the agreement "inures to the benefit of, and [is] binding upon the respective successors and assigns of the parties . . . ."[9] Robinson and Beiswenger are successors of RB&E, and therefore have standing to pursue relief under the agreement. FBD admits that it is the successor of F&B.[10] Therefore FBD is subject to and bound by the agreement, including the "Arbitration" clause.

### B. Alaska Law Governs the Dispute.

Under the agreement's "Governing Law" clause Alaska law controls this Court's: 1) determination of the enforceability of the "Arbitration" clause; and 2) interpretation of the

---

[7] Exhibit 1, at pp. 5-6 ¶ 1.
[8] Exhibit 1, at p.6 ¶4.
[9] Exhibit 1, at p.6 ¶4.
[10] Answer, dkt 9, at p.2 ¶3.

Motion to Compel Arbitration                                             Page 3 of 10
*Robinson and Beiswenger vs. Faegre Baker Daniels*              Case No. *3:13-cv-00086-HRH*

Case 3:13-cv-00086-HRH   Document 21   Filed 12/18/13   Page 3 of 10

"Arbitration" clause.[11] Therefore this Court should follow Alaska's Uniform Arbitration Act, AS 90.43.010, et seq., when determining whether this dispute is arbitrable.

Without the "Governing Law" clause, the Federal Arbitration Act ("FAA") would control.[12] But the distinction makes little difference, as the Alaska Supreme Court looks to the FAA for guidance when interpreting Alaska's Uniform Arbitration Act.[13]

### C. The "Arbitration" Clause is Enforceable.

Alaska's Uniform Arbitration Act, AS 90.43.010, et seq., applies to arbitration agreements "entered into before January 1, 2005."[14] Under AS 09.43.010(a), "a provision in a written contract to submit to arbitration a subsequent controversy between the parties is valid, enforceable, and irrevocable, except upon grounds that exist at law or in equity for the revocation of a contract." Under AS 09.43.020(a), the court shall compel arbitration upon proof of an arbitration agreement.

Alaska law mirrors federal law and provides that courts are the proper forum to determine whether a dispute is arbitrable.[15] In State of Alaska v. Public Safety Employees Ass'n, the Alaska Supreme Court adopted the federal rule that "arbitrability is a question for the courts '[u]nless

---

[11] Whether or not federal law applies to the enforceability of an arbitration clause, federal district courts sitting in diversity apply state law contract principles to the interpretation of the arbitration clause. Reddam v. KPMG LLP, 457 F.3d 1054, 1059 (9th Cir. 2006); Wolsey, Ltd. v. Foodmaker, Inc., 144 F.3d 1205, 1210 (9th Cir.1998).

[12] Under 9 U.S.C. § 2, the FAA applies to all written arbitration agreements involving "commerce." Courts have interpreted the term "commerce" in that section to mean "interstate commerce," and even the most tenuous out-of-state contact can convert commerce into "interstate commerce" for purposes of applying the FAA. See, e.g., Levine et al. v. Advest, Inc., 244 Conn. 732, 747 (1998). "[T]he basic purpose of the [FAA] is to overcome courts' refusals to enforce agreements to arbitrate." Allied-Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 270, 115 S. Ct. 834 (1995). Congress "intended courts to enforce arbitration agreements into which parties had entered ... and to place such agreements upon the same footing as other contracts." 513 U.S. at 271. (Citation omitted; internal quotation marks omitted).

[13] Lexington Marketing Group, Inc. v. Goldbelt Eagle, LLC, 157 P.3d 470, 473 (Alaska 2007).

[14] AS 09.43.010(b).

[15] Lexington Marketing Group, Inc., 157 P.3d at 473.

Motion to Compel Arbitration                                                                 Page 4 of 10
*Robinson and Beiswenger vs. Faegre Baker Daniels*                                    Case No. *3:13-cv-00086-HRH*

Case 3:13-cv-00086-HRH   Document 21   Filed 12/18/13   Page 4 of 10

the parties clearly and unmistakably provide otherwise.'"[16] Alaska's courts, like their federal counterparts, recognize a strong public policy in support of enforcing arbitration provisions.[17]

While courts are to decide the threshold issue of whether or not an arbitration provision is enforceable, they are not to determine whether the underlying contract itself is enforceable. "[Alaska] state arbitration law aligns with federal law and does not permit a court determining arbitrability to consider the validity of the underlying agreement."[18]

1. The Agreement Contains a Valid "<u>Arbitration</u>" Clause and the Court Should Order Arbitration

The agreement provides that "[a]ny controversy or claim arising out of or relating to this Agreement, or breach thereof, shall be settled by arbitration in accordance with the rules of the Alaska Bar Association."[19] Plaintiffs' claims are all related to the agreement.[20] Under AS 09.43.020(a), the court shall order arbitration when it finds that an agreement to arbitrate exists. This Court should find that the agreement's "<u>Arbitration</u>" clause exists and order arbitration.

2. The "<u>Arbitration</u>" Clause is Enforceable even though the Alaska Bar Association does not hear Attorney's Fees Disputes Between Attorneys

Alaska Statute 09.43.030 states that if an arbitration agreement "provides a method of appointment of arbitrators, this method shall be followed." AS 09.43.030 further states that "[i]f the arbitration agreement provides a method of appointment of arbitrators [and] if the agreed method fails or for any reason cannot be followed . . . the court on application of a party <u>shall</u> appoint one or more arbitrators." (Emphasis added). The Alaska Supreme Court has yet to

---

[16] 798 P.2d 1281, 1285 (Alaska 1990) (quoting <u>AT & T Technologies, Inc. v. Communications Workers</u>, 475 U.S. 643, 649, 106 S.Ct. 1415, 1418 (1986)).
[17] <u>Lexington Marketing Group, Inc.</u>, 157 P.3d at 476 ("Like federal law, state law strongly favors arbitrability.").
[18] <u>Id.</u> at 475.
[19] Exhibit 1 at p.6 ¶6.
[20] Complaint, dkt 1, ¶¶19-26.

Motion to Compel Arbitration                                                          Page 5 of 10
*Robinson and Beiswenger vs. Faegre Baker Daniels*                          Case No. *3:13-cv-00086-HRH*

Case 3:13-cv-00086-HRH   Document 21   Filed 12/18/13   Page 5 of 10

apply AS 09.43.030 in a reported decision. However the analogous section of the FAA has been interpreted to confer broad powers on trial courts to insure that arbitration agreements do not fail even when the agreed-upon arbitration method is not available.

The FAA's parallel provision is found at 9 U.S.C.A. §5. Federal courts interpret this power under §5 broadly to enforce the preference under federal law for arbitration. In Reddam, for example, the Ninth Circuit examined an agreement where arbitration was to proceed "pursuant to the rules then in effect of the National Association of Securities Dealers, Inc. . . ."[21] The NASD refused to take jurisdiction over the dispute.[22] Nonetheless the court found the clause to be enforceable because arbitration before the NASD in particular, rather than a substitute process "pursuant to the NASD's rules," was not integral to the agreement.[23]

Applying this principle, federal courts have upheld arbitration agreements despite (1) an illegal forum selection clause within the arbitration agreement,[24] (ii) references in the parties' agreement to arbitration procedures that were "no longer in existence" and thus "no longer workable,"[25] (iii) vague or contradictory arbitration forum selection clauses,[26] (iv) contract language in which the parties agreed to submit their disputes to "the International Arbitration in the Hague," a non-existent entity,[27] (v) an arbitration clause that failed to specify "the method for choosing arbitrators, the governing arbitration association, or the governing laws for the

---

[21] 457 F.3d at 1057.
[22] Id.
[23] Id. at 1061.
[24] Great Earth Companies v. Simons, 288 F.3d 878, 890-92 (6th Cir. 2002).
[25] Chattanooga Mailers Union, Local No. 92 v. Chattanooga News-Free Press Co., 524 F.2d 1305, 1315 (6th Cir.1975), overruled on other grounds as recognized by Bacashihua v. United States Postal Service, 859 F.2d 402, 404 (6th Cir.1988).
[26] Bauhinia Corp. v. China National Machinery & Equipment Import & Export Corp., 819 F.2d 247, 249-50 (9th Cir.1987); Apple & Eve, LLC v. Yantai North Andre Juice Co., 499 F.Supp.2d 245, 250-53 (E.D.N.Y. 2007).
[27] Rosgoscirc v. Circus Show Corp., No. 92- Civ-8498, 1993 WL 277333, at *3, *5-*6 (S.D.N.Y. July 16, 1993).

**Motion to Compel Arbitration**  Page 6 of 10
*Robinson and Beiswenger vs. Faegre Baker Daniels*  Case No. *3:13-cv-00086-HRH*

Case 3:13-cv-00086-HRH   Document 21   Filed 12/18/13   Page 6 of 10

arbitration,"[28] and (vi) the parties' adoption of arbitration rules that conferred a role upon the courts in violation of a statute and a court rule governing the arbitration process.[29]

The instant "Arbitration" agreement provides that "[a]ny controversy or claim arising out of or relating to this Agreement, or breach thereof, shall be settled by arbitration in accordance with the rules of the Alaska Bar Association."[30] The Bar Association has an attorney fee dispute resolution process that includes the appointment and compensation of arbitrators.[31] But the Bar Association will only administer fee disputes between clients and attorneys; it will not administer fee disputes between attorneys. Therefore, the parties' agreed method of arbitration cannot be followed in its entirety.

In line with the decisions above, this Court should enforce the "Arbitration" clause, and order arbitration pursuant to "the rules of the Alaska Bar Association." To further enforce the agreement of the parties, the Court should appoint arbitrators from the Alaska Bar Association's list of eligible attorneys and public members who have agreed to arbitrate attorney's fees disputes.[32]

    a)    **The "Arbitration" clause requires use of the Bar's rules, but does not require the Bar to act as the forum.**

The "Arbitration" clause refers only to the "rules of" the Bar Association, rather than requiring that the Bar serve as the arbitration forum. The test of a court's ability to substitute a

---

[28] Euro- Mec Import, Inc. v. Pantrem & C., S.P.A., No. 92-2624, 1992 WL 350211, at *4-*5 (E.D.Pa. Nov.16, 1992).
[29] Brucker v. McKinlay Transport, Inc., 454 Mich. 8, 557 N.W.2d 536, 540-41 (1997).
[30] Exhibit 1 at p.6 ¶6.
[31] Alaska Bar Rules 34 and 37.
[32] Complaint, dkt 1, Exhibit 4.

**Motion to Compel Arbitration**      Page 7 of 10
*Robinson and Beiswenger vs. Faegre Baker Daniels*      Case No. *3:13-cv-00086-HRH*

Case 3:13-cv-00086-HRH   Document 21   Filed 12/18/13   Page 7 of 10

procedure under §5 of the FAA is whether a disputed provision is an "integral part" of the agreement to arbitrate, as opposed to "an ancillary or logistical concern."[33]

The "Arbitration" clause specifies the "rules" but not the forum of the Alaska Bar Association. The Bar Association procedure is the subject of an enforceable promise between the parties. The Bar Association as a forum is an "ancillary or logistical concern," which does not affect the enforceability of the plain text of the "Arbitration" clause.[34]

b) **The agreement's "Severability" clause supports ordering arbitration under Alaska Bar Association rules.**

Under § 5 of the FAA, this Court can enforce an arbitration clause through alternate procedures when "the parties' overarching intent to arbitrate a dispute, as evidenced by the language of their arbitration agreement and any relevant surrounding circumstances, survives and is severable from a particular infirmity or ambiguity within this agreement."[35]

In this case, the agreement itself contains a robust "Severability" provision:

> If any clause, or provision herein contained shall be adjudged to be invalid, it shall not affect the validity of any other clause or provision of this agreement or constitute any cause of action in favor of either party as against the other.[36]

Therefore, even if a "provision" of the "Arbitration" clause should fail, this would not prevent the Court from enforcing the parties' mutually binding promise to arbitrate.[37] Thus,

---

[33] Brown v. ITT Consumer Financial Corp., 211 F.3d 1217, 1222 (11th Cir. 2000); Reddam, 457 F.3d at 1060; see also Zechman v. Merrill Lynch et al., 742 F.Supp. 1359, 1364 (N.D.Ill.1990) (citing Nat'l Iranian Oil Co. v. Ashland Oil, Inc., 817 F.2d 326 (5th Cir.1987)). See, also, 2 Domke on Commercial Arbitration § 26:4.10 (discussing state court cases)(attached).
[34] Jones v. GGNSC Pierre LLC, 684 F.Supp.2d 1161, 1166 (D.S.D. 2010).
[35] Kwasny Co. v. AcryliCon Intern. Ltd., 2010 WL 2474788 (E.D. Mich. 2010) (enforcing arbitration clause that referred to non-existent entity and summarizing cases); See, e.g., Great Earth Companies, Inc. v. Simons, 288 F.3d 878, 890 (6th Cir. 2002); National Iranian Oil Co. v. Ashland Oil, Inc., 817 F.2d 326, 333 (5th Cir.1987).
[36] Exhibit 1, at pp. 5-6 ¶1.
[37] Jones, 684 F.Supp.2d at 1166; Great Earth Companies, 288 F.3d at 891. ("the failure of a distinct part of [an arbitration clause] ... should not infect other parts of the arbitration provision."); Estate of Eckstein v. Life Care Centers of America, 623 F.Supp.2d 1235 (E.D.Wash.2009) (finding that the unavailability of

**Motion to Compel Arbitration**　　　　　　　　　　　　　　　　　　　　　　　　**Page 8 of 10**
*Robinson and Beiswenger vs. Faegre Baker Daniels*　　　　　　　　　　　　　　**Case No. *3:13-cv-00086-HRH***

Case 3:13-cv-00086-HRH   Document 21   Filed 12/18/13   Page 8 of 10

even if this Court were to interpret the "Arbitration" clause to require arbitration not only by Bar Association rules, but also before the Bar Association as the forum, nothing prevents the Court from severing that "particular infirmity or ambiguity" from the "Arbitration" clause.

### c) The Court should order arbitration under the Bar Association's rules.

In accordance with AS 09.43.030 and the agreement's "Severability" clause, the parties' agreed method of arbitration can be followed in part "in accordance with the rules of the Alaska Bar Association." [38] Alaska Bar Rule 37(c) provides that for disputes in excess of $5,000 an arbitration panel consisting of two attorneys, including an attorney chair, and one public member, shall be appointed from the list of members of the area fee dispute resolution division. Alaska Bar Rule 34(h) provides for the compensation of arbitrators when a dispute is deemed to be factually or legally complex, or the amount in dispute exceeds $50,000. These complexity and amount in dispute factors apply here.

Under AS 09.43.030, the Court should order arbitration, select arbitrators from the Alaska Bar Association's Third Judicial District list, and order that the arbitration to be conducted pursuant to the Bar Association's rules.

DATE: December 18, 2013        BY: /s/ Jonathon A. Katcher
                                   Jonathon A. Katcher
                                   POPE & KATCHER
                                   Attorneys for Plaintiffs

DATE: December 18, 2013        BY: /s/ Chester D. Gilmore (consent)
                                   Chester D. Gilmore
                                   CASHION GILMORE LLC
                                   Attorneys for Plaintiffs

---

the American Arbitration Association to hear the case did not render the arbitration agreement unenforceable, because the designation of the arbitrator was not a material term, and noting the existence of severability clause in the agreement).
[38] Exhibit 1 at p.6 ¶6.

**Motion to Compel Arbitration**                              Page 9 of 10
*Robinson and Beiswenger vs. Faegre Baker Daniels*            Case No. *3:13-cv-00086-HRH*

Case 3:13-cv-00086-HRH   Document 21   Filed 12/18/13   Page 9 of 10

**Certificate of Service**

I hereby certify that on the 18th day of December, 2013, a copy of the foregoing was served electronically via the CM/ECF system on:

James E. Torgerson
Stoel Rives LLP
jetorgerson@stoel.com


/s/ Jonathon A. Katcher
Jonathon A. Katcher

**Motion to Compel Arbitration**
*Robinson and Beiswenger vs. Faegre Baker Daniels*

**Page 10 of 10**
Case No. *3:13-cv-00086-HRH*

Case 3:13-cv-00086-HRH   Document 21   Filed 12/18/13   Page 10 of 10