Jonathon A. Katcher
Alaska Bar Assoc. 8111104
POPE & KATCHER
421 W. 1st Avenue, Suite 220
Anchorage, Alaska 99501
Tel.   (907) 272-8577
Fax.  (907) 274-8040
Email: jkatcher@alaska.net

Chester D. Gilmore
Alaska Bar Assoc. 0405015
CASHION GILMORE LLC
421 W. 1st Avenue, Suite 247
Anchorage, Alaska 99501
Tel.   (907) 222-7934
Fax.  (907) 222-7938
Email: chester@cashiongilmore.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ARTHUR S. ROBINSON, ALLAN BEISWENGER, PETER R. EHRHARDT, and ROBINSON, BEISWENGER & EHRHARDT, <br><br> Plaintiffs, <br><br> vs. <br><br> FAEGRE BAKER DANIELS, LLP, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 3:13-cv00086 HRH |

**(CORRECTED)**
**AMENDED COMPLAINT FOR ORDER COMPELLING ARBITRATION**
**PURSUANT TO ALASKA STATUTE 09.43.030**

Cashion Gilmore LLC
421 w. 1st Ave., Suite 247
Anchorage, Alaska 99501
(907) 222-7932 fax (907) 222-7938

Plaintiffs Arthur S. Robinson ("Robinson"), Allan Beiswenger ("Beiswenger"), Peter R. Ehrhardt ("Ehrhardt"), and Robinson, Beiswenger & Ehrhardt ("RB&E"), by and through counsel, for their Amended Complaint For Order Compelling Arbitration, allege as follows:

## I.  THE PARTIES

1.  Robinson, Beiswenger and Ehrhardt are residents of the State of Alaska, Third Judicial District.  Robinson, Beiswenger and Ehrhardt are attorneys who at all relevant times were licensed to practice law in the State of Alaska.

2.  RB&E is a dissolved, but not terminated, law firm partnership with offices formerly in Soldotna, Alaska.

3.  Robinson, Beiswenger and Ehrhardt, are successors of RB&E, and have standing to maintain this action on behalf of RB&E and on their own behalf.

4.  Defendant Faegre Baker Daniels, LLP ("FBD") is a law firm domesticated in Chicago, Illinois, with its principal office in Minneapolis, Minnesota.  FBD is successor to Faegre & Benson, LLP ("F&B"), a law firm that had its principal office in Minneapolis, Minnesota.  F&B merged with the law firm Baker Daniels, LLP to form FBD.

## II.  RELATED LITIGATION AND RULINGS

5.  At Docket 35 of the instant litigation Judge H. Russel Holland ordered arbitration of this dispute ("the *Robinson* Arbitration").  At Docket Nos. 38 and 39 of the instant litigation, Judge Holland, pursuant to stipulation of the parties, appointed attorney Roger F. Holmes as Arbitrator. In *Ehrhardt v. Faegre Baker Daniels, LLP*, Case 3:14-cv-00130 HRH, ("the *Ehrhardt* Action"), Ehrhardt sought to become a party claimant in the *Robinson*

**Cashion Gilmore LLC**
421 W. 1st Ave., Suite 247
Anchorage, Alaska 99501
(907) 222-7932 fax (907) 222-7938

Arbitration. At Docket No. 9 of the *Ehrhardt* Action, Judge Holland, pursuant to stipulation of the parties, ordered that Ehrhardt be made a party claimant in the *Robinson* Arbitration.

## II.    SUMMARY OF PLAINTIFFS' CLAIMS TO BE ARBITRATED

6.    Plaintiffs seek enforcement of an arbitration clause in a June 22, 1993 Fee Division Modification Agreement between RB&E and F&B.  The Fee Division Modification Agreement modified the parties' already existing association, joint venture and fee division agreement to prosecute claims on behalf of commercial fishermen who suffered damages in the Exxon Valdez oil spill. Plaintiffs have an arbitrable dispute with FBD, as successor of F&B, regarding the division of attorney's fees that F&B and FBD obtained from the Exxon Valdez Oil Spill Litigation "Consolidated Case Fund," also known as the "3% Fund."  Plaintiffs are entitled to 30% of the attorney's fees that F&B and FBD collected from the 3% Fund. On information and belief, F&B and FBD collected approximately at least $5,114,904.18 from the 3% Fund.  Plaintiffs' 30% share of F&B's and FBD's collections from the 3% Fund equals approximately at least $1,534,471.25.  FBD has refused to honor the parties' Fee Division Modification Agreement and their association, joint venture and fee division agreement to divide these 3% Fund fees.  Plaintiffs also have an arbitrable dispute with FBD as to whether FBD has accounted for and paid to plaintiffs all of the Exxon fees owed to plaintiffs under the Fee Division Modification Agreement, including but not limited to 3% Fund fees.  Therefore it is necessary to arbitrate these disputes.

## IV.    JURISDICTION AND VENUE

7.    Jurisdiction is proper under 28 U.S.C. § 1332 because plaintiffs' damages exceed $75,000, and because there is diversity between the parties given plaintiffs are citizens

**(CORRECTED) AMENDED COMPLAINT**
*Robinson et al v. Faegre Baker Daniels*, Case No. 3:13-cv-00086 HRH          Page 3 of 10

Cashion Gilmore LLC
421 w. 1st Ave., Suite 247
Anchorage, Alaska 99501
(907) 222-7932  fax (907) 222-7938

and an entity of Alaska, and FDB is an entity of Illinois.  Venue is proper under 28 U.S.C.

1391(a), 28 U.S.C.  81(a), and D. Ak. LR 3.3.

## V.      ALASKA LAW APPLIES

8.      The Fee Division Modification Agreement states:

2.      <u>Governing Law</u>:  This agreement shall be construed and interpreted in accordance with, and governed and enforced in all aspects by the laws of the State of Alaska and the Alaska Bar Rules.

## VI.     ARBITRATION AGREEMENT

9.      The Fee Division Modification Agreement provides for the arbitration of all

disputes between the parties:

6.      <u>Arbitration</u>:     Any controversy or claim arising out of or relating to this Agreement, or breach thereof, shall be settled by arbitration in accordance with the rules of the Alaska Bar Association.  Judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction thereof.

## VII.    RELATED AGREEMENTS

10.     The Fee Division Modification Agreement has a severability clause:

1.      <u>Severability</u>:   If any clause, or provision herein contained shall be adjudged to be invalid, it shall not affect the validity of any other clause or provision of this agreement or constitute any cause of action in favor of either party as against the other.

11.     The Fee Division Modification Agreement has a successors and assigns clause:

4.      <u>Successors and Assigns</u>:  This agreement shall extend to, inure to the benefit of, and be binding upon the respective successors and assigns of the parties hereto and the heirs, executors, estate, successors and assigns of each person who is now or who hereafter becomes a party hereto.

## VIII.   FACTUAL BACKGROUND

12.     On March 24, 1989, the Exxon Valdez struck a reef and spilled crude oil into

Prince William Sound, Alaska.

**(CORRECTED) AMENDED COMPLAINT**
*Robinson et al v. Faegre Baker Daniels*, Case No. 3:13-cv-00086 HRH          **Page 4 of 10**

13.     In or about April 1989 F&B contacted RB&E to discuss forming an association, joint venture and fee division agreement to prosecute claims on behalf of commercial fishermen who suffered damages in the Exxon Valdez oil spill.  Among the reasons F&B was interested in forming an association, joint venture and fee division agreement with RB&E for the Exxon Valdez case was the fact that RB&E was at that time prosecuting a case in Alaska federal district court on behalf of commercial fishermen who suffered damages in the 1987 Glacier Bay oil spill in Cook Inlet, Alaska.

14.     On or about April 28, 1989, F&B and RB&E entered into an "Oil Spill Litigation" association, joint venture and fee division agreement regarding the Glacier Bay and Exxon Valdez cases to "split any fees, including contingency fees, with respect to all claimants on a 60%-40% basis, respectively."

15.     On or about October 30, 1990, RB&E and F&B modified their "Exxon Valdez Litigation" association, joint venture and fee division agreement as it pertained to Upper Cook Inlet fishermen.

16.     On March 26, 1992, United States District Court Judge H. Russell Holland entered Order 365 in the Exxon Valdez case. Order 365 is an "Order Establishing Regime for Compensation of Plaintiffs' Counsel."  Order 365, among other things, established a "Consolidated Case Fund," also known as the "3% Fund."

17.     On or about April 9, 1992, after Judge Holland issued Order 365, Robinson, Beiswenger, and Ehrhardt, as partners in RB&E, traveled to Minneapolis, Minnesota. Robinson, Beiswenger and Ehrhardt had several meetings with F&B partners Brian O'Neil, Jerry Nolting, and others, regarding their Exxon Valdez association, joint venture and fee

**(CORRECTED) AMENDED COMPLAINT**
*Robinson et al v. Faegre Baker Daniels*, Case No. 3:13-cv-00086 HRH        Page 5 of 10

Cashion Gilmore LLC
421 w. 1ˢᵗ Ave., Suite 247
Anchorage, Alaska 99501
(907) 222-7932 fax (907) 222-7938

division agreement, and the recent settlement of the Glacier Bay case. The group addressed RB&E's and F&B's fees and costs in the Exxon Valdez case, Order 365, and the 3% Fund. F&B verbally agreed that the parties would modify their association, joint venture and fee division agreement to confirm, among other matters, that RB&E would be entitled to share in all fees obtained by F&B in the Exxon Valdez case, including but not limited to those recovered from the 3% Fund.

## IX.    THE PARTIES' FEE DIVISION MODIFICATION AGREEMENT

18.    On June 23, 1992, RB&E and F&B entered into and executed a Fee Division Modification Agreement.

19.    The terms of the Fee Division Modification Agreement reduced RB&E's share of the Exxon Valdez attorney's fees from 40% to 30%, and correspondingly increased F&B's share from 60% to 70%. The Fee Division Modification Agreement stated in pertinent part:

> 1.    Association.  RB&E has retained the services of F&B to assist in the representation of clients in the Glacier Bay case and the Exxon case. The relationship between F&B and RB&E, and the division of fees herein are governed by Alaska Bar Rule 35(e), concerning fee division between attorneys and Alaska Rule of Civil Procedure 81, and the ethics opinions adopted thereunder. By written Agreement with the client, RB&E and F&B assume joint responsibility for representation in the Glacier Bay and Exxon cases.
>
> 2.    Disclosure.  It is expressly agreed and understood that the association and responsibilities of RB&E and F&B for representation of the clients in the Glacier Bay and Exxon cases has, by written Agreement, been disclosed to the clients, and that the clients have consented to the association, joint responsibility, and representation by F&B and RB&E within the meaning of Alaska Bar Rule 35(e).
>
> 3.    Modification of  Agreement.  In consideration and as payment in full for RB&E "modifying" all prior Exxon Fee Division Agreements, F&B and RB&E agree as follows:

Cashion Gilmore LLC
421 w. 1st Ave., Suite 247
Anchorage, Alaska 99501
(907) 222-7932  fax (907) 222-7938

Cashion Gilmore LLC
421 w. 1ˢᵗ Ave., Suite 247
Anchorage, Alaska 99501
(907) 222-7932 fax (907) 222-7938

(a)     That this Agreement is subject to Alaska Bar Rule 35(e), F&B acknowledges that RB&E at all times has had and shall continue to have joint responsibility for representation of the clients, and the clients have been advised of and do not object to joint representation and the total fee charges to the clients is reasonable;

(b)     That RB&E and F&B expressly acknowledge familiarity with Dragelevich vs. Kohn, 755 F. Supp. 1989 (N.D. Ohio 1990) (the 'Dragelevich case")  and other similar cases and holdings arising under DR 2-107(a);  F&B hereby expressly and forever waives any right to assert any claim in the Glacier Bay or Exxon cases against RB&E for attorney fees above those identified in paragraphs four and five of this Agreement based on the Dragelevich case, or any other similar case or similar line of cases that may arise in the future, or under any other case law, rule of professional responsibility or professional canon;

(c )    That it is the intention of F&B and RB&E that the fee division set out in this is final and that no further modification shall be made without mutual consent of  both parties in writing.  It is further agreed that no F&B or RB&E partner, former partner, associate, former associate, employee, or former employee shall commence, conduct, or otherwise participate in any action, lawsuit, claim, proceeding or undertaking to seek, recover, take, or otherwise modify the attorney's fee division and costs in the Glacier Bay or Exxon cases paid to RB&E or F&B inconsistent with the terms and conditions of this Agreement; and

(d)     That should any client of RB&E and F&B, or either law firm or any member thereof, challenge or otherwise seek to raise any issue related to the division of fees from the Glacier Bay or Exxon case whether based on the Dragelevich case or for any other reason,  F&B and RB&E hereby specifically agree that the fee division agreement in Glacier Bay and Exxon cases was a fair and equitable division of the fees based upon the experience and contribution of both parties regardless of actual hours,  time or costs expended by either law firm,  their partners or employees.

4.      Glacier Bay Fees.

(a)     Fee Division.  That RB&E and F&B agree that the division of all attorney's fees and costs in the Glacier Bay case was fair and reasonable.

5.      Exxon Fees.

(a) Fee Division.

(i)  Attorney's fees for all claims, except those set forth in section (a)(ii) of this paragraph, shall be divided on the basis of 70% to F&B and 30% to RB&E of the contingent fees collected from the client.

(ii)  All fees for all claims originated by firms other than RB&E or F&B and referred to either firm for representation after April 15, 1992, shall be divided (from the allocated share of fees paid to F&B by other firms) on the basis of 90% to F&B, 10% to RB&E. However, any and all Upper Cook Inlet set and drift net claims so referred shall not be subject to this division and are subject to the division of fees as set forth in paragraph 5, section (a)(i); and

(iii)  All hourly fees paid to both firms from the Exxon case management fee structure approved by the court or from any other source shall be allocated on the same basis, 70% F&B, 30% RB&E.

## X.  THE PARTIES' COURSE OF DEALINGS

20.  Plaintiffs fully abided by the terms of the Fee Division Modification Agreement and the association, joint venture and fee division agreement.  F&B never asserted that plaintiffs did not live up to the terms of the Fee Division Modification Agreement and the association, joint venture and fee division agreement.  Plaintiffs devoted at least 3,671.55 hours of lawyer time to the Exxon Valdez case.  Plaintiffs advanced costs for the Exxon case in at least the following amounts:  $94,141,21 in Expenses,  $40,000 in Assessments; and $145,000 paid to F&B, for total out of pocket expenditures of at least $279,141.21.

21.  F&B made several attorney's fee payments to plaintiffs.  These payments did not include plaintiffs' 30% share of the attorney's fees that F&B collected from the 3% Fund.

22.  On November 6, 2009, Judge Holland issued an order regarding disbursements of approximately 85% of $34,677,343.59 that was held in the 3% Fund.

23.  F&B's share in the 3% Fund was determined to be 14.749988%, or approximately at least $5,114,904.18 in attorney's fees.  In accordance with the Fee Division

Cashion Gilmore LLC
421 w. 1st Ave., Suite 247
Anchorage, Alaska 99501
(907) 222-7932  fax (907) 222-7938

**(CORRECTED) AMENDED COMPLAINT**
*Robinson et al v. Faegre Baker Daniels*, Case No. 3:13-cv-00086 HRH          Page 8 of 10

Modification Agreement and the parties' association, joint venture and fee division agreement, plaintiffs' 30% joint venture share was approximately at least $1,534,471.25.

24.     On February 22, 2011, Judge Holland issued an order allowing for the last disbursement from the 3% Fund.  Upon information and belief, F&B received monies out of this last disbursement from the 3% Fund.

25.     F&B and FBD have not provided plaintiffs with a complete accounting of the monies that F&B and FBD collected from the 3% Fund. F&B and FBD have not provided plaintiffs with a complete accounting of the other fees F&B and FBD have recovered and distributed out of the Exxon cases so that plaintiffs can determine whether F&B and FBD owe plaintiffs additional fees under the Fee Division Modification Agreement.

26.     F&B and FBD have not paid to plaintiffs any part of the monies that F&B and FBD collected from the 3% Fund. Depending upon the accounting that plaintiffs are seeking, F&B and FBD may owe plaintiffs additional fees under the Fee Division Modification Agreement, including but not limited to 3% Fund fees.

## XI.     PLAINTIFFS' SUBSTANTIVE ARBITRATION CLAIMS

27.     At the arbitration of this matter plaintiffs intend to pursue claims against FBD for an accounting, breach of contract, breach of fiduciary duties, unjust enrichment, and other claims as may be just and proper.

## PRAYER FOR RELIEF

WHEREFORE Plaintiffs pray for the following relief:

1.      That the Court, in accordance with AS 09.43.030, and the arbitration clause in the parties' Fee Division Modification Agreement, order arbitration before Arbitrator Holmes.

**Cashion Gilmore LLC**
421 w. 1st Ave., Suite 247
Anchorage, Alaska 99501
(907) 222-7932  fax (907) 222-7938

2.      That the Court award plaintiffs their attorney's fees and costs.

3.      For such other and further relief that the Court may deem just and proper.

DATE: October 1, 2014          BY:   /s/ Jonathon A Katcher
                                                Jonathon A. Katcher
                                                POPE & KATCHER
                                                Attorneys for Plaintiffs

DATE: October 1, 2014          BY:    /s/ Chester R. Gilmore
                                                Chester R. Gilmore
                                                CASHION GILMORE LLC
                                                Attorneys for Plaintiffs

**Certificate of Service**

I hereby certify that on the 1st day of October 2014, a copy of the foregoing was served by email on:

James E. Torgerson
jetorgerson@stoel.com

Roger F. Holmes
Rroger.bh@gci.net

/s/ Chester D. Gilmore
Chester D. Gilmore

**(CORRECTED) AMENDED COMPLAINT**
*Robinson et al v. Faegre Baker Daniels*, Case No. 3:13-cv-00086 HRH          **Page 10 of 10**

Case 3:13-cv-00086-HRH    Document 56    Filed 10/01/14    Page 10 of 10

**Cashion Gilmore LLC**
421 w. 1st Ave., Suite 247
Anchorage, Alaska 99501
(907) 222-7932 fax (907) 222-7938